THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY STEPHENS and ALEXANDER CONRY, a/k/a/ "Phazer",<br><br>　　　　　Defendants. | CASE NO. CR21-0129-JCC<br><br>ORDER |

　　　This matter comes before the Court on the Parties' Joint Motion to Continue Trial Date and Pretrial Motions Deadline (Dkt. No. 39). Having thoroughly considered the motion and relevant record, the Court GRANTS the motion for the reasons explained below.

　　　On August 11, 2021, a grand jury indicted Mr. Stephens for conspiracy to distribute controlled substances and laundering of monetary instruments. (Dkt. No. 1 at 1–2.) Trial in this matter is currently set for November 8, 2021 (Dkt. Nos. 38, 41); pretrial motions were due September 29, 2021 (Dkt. No. 8). On September 22, 2021, Alexander Conry was charged in a superseding indictment as a co-defendant and co-conspirator with Jeffrey Stephens. (Dkt. No. 31.) Mr. Conry joins in the motion. (Dkt. No. 39 at 7.) Defendants have executed speedy trial waivers (Dkt. Nos. 40, 42). The parties seek a continuance of the trial date to May 16, 2022 and a corresponding postponement of the pretrial motions deadline to no less than two months prior to

the rescheduled trial date. (Dkt. No. 39 at 1, 7.) As support, the parties cite the need to review extensive ongoing discovery, an anticipated protective order that would place limitations on review of protected materials by Defendants, the complexity of the drug trafficking and money laundering investigation in this case, and the potential serious consequences of conviction. (*Id.* 39 at 3–4.)

Based on the foregoing, the Court FINDS:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny defense counsel the reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i).

2. This case is sufficiently complex, involving allegations of drug trafficking and the laundering of cryptocurrency through the Darknet and communications via encrypted messaging applications. (Dkt. No. 39 at 4.) Due to the nature of the prosecution, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial by November 8, 2021. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and Defendants in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

4. The additional time requested is a reasonable period of delay, as the parties have requested more time to prepare for trial, review and produce voluminous and highly technical discovery, and confer with experts and witnesses regarding trial evidence.

Accordingly, the parties' motion (Dkt. No. 39) is GRANTED. It is therefore ORDERED that the trial date is CONTINUED to May 16, 2022, and that the time between the filing of this order and the new trial date is excludable time under the Speedy Trial Act, as provided in 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv). Any pretrial motions shall be filed no later than March 16, 2022.

1  //

2  DATED this 8th day of October 2021.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE