THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0129-JCC |
| Plaintiff, | ORDER |
| v. | |
| JEFFREY STEPHENS and ALEXANDER CONRY, a/k/a/ "Phazer", | |
| Defendants. | |

This matter comes before the Court on Defendant Jeffrey Stephens's motion to continue the trial date (Dkt. No. 49). Having thoroughly considered the motion and relevant record, the Court GRANTS the motion for the reasons explained below.

On August 11, 2021, a grand jury indicted Mr. Stephens for conspiracy to distribute controlled substances and laundering of monetary instruments. (Dkt. No. 1 at 1–2.) On September 22, 2021, a grand jury charged Alexander Conry by superseding indictment as Mr. Stephens' co-defendant and co-conspirator. (Dkt. No. 31.) Trial in this matter is currently set for May 16, 2022. (Dkt. No. 43.)

Mr. Stephens now requests that trial be continued to February 13, 2023. (Dkt. No. 49 at 1.) He cites the need to review extensive discovery, the complexity of the drug trafficking and money laundering investigation in this case, and the potential serious consequences of

conviction. (Dkt. No. 49 at 1–3.)

Mr. Conry joins the request but requests an earlier trial date. (Dkt. No. 54 at 1.) Mr. Stephens counters that Mr. Conry, who is on appearance bond, would not be prejudiced by the additional delay sought by Mr. Stephens. (Dkt. No. 55 at 1.) Whereas, according to Mr. Stephens, he would be prejudiced by a trial commencing earlier than February 2023 because his ability to review protected discovery while subject to pretrial detention is limited. (*Id.*) He, therefore, requires the additional time. (*Id.*)

Based on the foregoing, the Court FINDS:

1. This case is sufficiently complex, involving allegations of drug trafficking and the laundering of cryptocurrency through the Darknet and communications via encrypted messaging applications. (Dkt. No. 31 at 1–3.) Due to the nature of the prosecution, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial by May 16, 2022, *see* 18 U.S.C. § 3161(h)(7)(B)(ii);

2. The additional time requested is a reasonable period of delay, as the parties have requested more time to prepare for trial, review and produce voluminous and highly technical, protected discovery materials, and confer with experts and witnesses regarding trial evidence; and

3. Given the complexity of the case and the minimal prejudice of delay to Mr. Conry on appearance bond, the additional time requested is a reasonable period of delay for the purposes of Mr. Conry as codefendant. *See* § 18 U.S.C 3161(h)(6); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999) ( ("The attribution of delay to a codefendant . . . is limited by a reasonableness requirement.").

Accordingly, Defendant Stephens's motion for a continuance (Dkt. No. 49) is GRANTED. It is therefore ORDERED that the trial date is CONTINUED to February 21, 2023, and that the time between the filing of this order and the new trial date is excludable time under the Speedy Trial Act, as provided in 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), 3161(h)(7)(B)(iv), and 3161(h)(6). Any pretrial motions shall be filed no later than January 20, 2023.

DATED this 23rd day of March 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE