THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY STEPHENS and ALEXANDER CONRY, a/k/a/ "Phazer",<br><br>  Defendants. | CASE NO. CR21-0129-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Jeffrey Stephens's motion to continue the trial date (Dkt. No. 74). Having thoroughly considered the motion and relevant record, the Court GRANTS the motion for the reasons explained below.

On August 11, 2021, a grand jury indicted Mr. Stephens for conspiracy to distribute controlled substances and laundering of monetary instruments. (Dkt. No. 1 at 1–2.) On September 22, 2021, a grand jury charged Alexander Conry by superseding indictment as Mr. Stephens' co-defendant and co-conspirator. (Dkt. No. 31.) Trial in this matter is currently set for February 21, 2023. (Dkt. No. 56.)

Mr. Stephens now requests that trial be continued to July 17, 2023. (Dkt. No. 74 at 1.) He cites the need to review extensive discovery, the complexity of the drug trafficking and money laundering investigation in this case, and the potential serious consequences of conviction. (Dkt.

ORDER
CR21-0129-JCC
PAGE - 1

No. 74 at 2–3.) Mr. Conry objects to a continuance on the grounds that he does not require additional time to prepare for trial. (Dkt. No. 77 at 1.) The government neither joins nor opposes the motion. (*See generally* Dkt. No. 78.)

Based on the foregoing, the Court FINDS:

1. This case is sufficiently complex, involving allegations of drug trafficking and the laundering of cryptocurrency through the Darknet and communications via encrypted messaging applications. (Dkt. No. 31 at 1–3.) Due to the nature of the prosecution, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial by February 21, 2023, *see* 18 U.S.C. § 3161(h)(7)(B)(ii);

2. The additional time requested is a reasonable period of delay, as the parties have requested more time to prepare for trial, review and produce voluminous and highly technical, protected discovery materials, and confer with experts and witnesses regarding trial evidence; and

3. Given the complexity of the case and the minimal prejudice of delay to Mr. Conry, who is out on bond, the additional time requested is a reasonable period of delay for the purposes of Mr. Conry. *See* § 18 U.S.C 3161(h)(6); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999) ("The attribution of delay to a codefendant ... is limited by a reasonableness requirement. . . .").

Accordingly, Defendant Stephens's motion for a continuance (Dkt. No. 74) is GRANTED. It is therefore ORDERED that the trial date is CONTINUED to July 17, 2023, and that the time between the filing of this order and the new trial date is excludable time under the Speedy Trial Act, as provided in 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), 3161(h)(7)(B)(ii), and 3161(h)(6). Any pretrial motions shall be filed no later than May 17, 2023.

//
//
//
//

DATED this 14th day of November 2022.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE