FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 14 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-129 JCC |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| ALEXANDER CONRY, | |
| a/k/a Phazer, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Joseph Silvio, Assistant United States Attorney for said District, Defendant Alexander Conry, and Defendant's attorney, Chris Black, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Superseding Indictment.

   a. Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846, as charged in Count 1 of the Superseding Indictment.

Plea Agreement - 1
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

    a. The elements of Conspiracy to Distribute Controlled Substances, as charged in Count 1, are as follows:

- First, there was an agreement between two or more persons to distribute controlled substances, to wit: cocaine, 3,4-methylenedioxymethamphetamine ("MDMA") and ketamine; and
- Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a. For the offense of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846, as charged in Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least 3 years and up to life, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 3
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to

Plea Agreement - 4
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

    a. Defendant, Alexander Conry, admits that beginning at a time unknown, and continuing until September 8, 2021, he had an agreement with others—including co-defendant Jeffrey Stephens—to distribute controlled substances. Conry agrees that he joined in the agreement knowing of its purpose and intending to help accomplish it. As part of the charged conspiracy, Conry admits that he and his co-conspirators distributed controlled substances—including MDMA, cocaine, and ketamine—via vendor accounts on the White House, Wall Street, Dream, Nightmare, Apollon, Empire, and Versus darknet marketplaces.

    b. Conry's principal role in the conspiracy was providing information technology support to members of the conspiracy. Specifically, Conry configured

Plea Agreement - 5
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

computers that he and co-defendant Stephens used to access various darknet vendor accounts and set-up cellular devices with encrypted messaging applications so that members of the conspiracy could communicate securely with each other.

      c.      In addition to providing technological support, at times, Conry delivered controlled substances to the members of the conspiracy who then would package and ship them—at co-defendant Stephens' direction—to locations throughout the United States. Conry also assisted with the testing of controlled substances prior to their ultimate shipment.

      d.      In July and August 2021, Conry attended meetings between Stephens and an IRS-CI undercover agent who was posing as a money launderer and broker for large-scale drug traffickers (hereafter "UC1"). During these meetings, the parties discussed co-defendant Stephens' plans to expand his drug trafficking operations. Conry attended these meetings with the purpose of assisting Stephens in this endeavor.

      e.      Specifically, on July 29, 2021, Conry met with co-defendant Stephens and UC1. Shortly after his arrival, Conry began to discuss problems that co-defendant Stephens had with his laptop and cellular devices. Conry explained that he needed to configure a new computer for Stephens, as the one that Stephens was currently using—with a specific security configuration—could not access the internet. Conry further explained to UC1 that he had recently set-up a new phone for Stephens with an encrypted messaging application on a "non-connected number." Conry assured UC1 that he had set-up Stephens' phone "the right way."

      f.      Later in the meeting, Conry and co-defendant Stephens discussed resuming operations on various darknet marketplaces. During these discussions, Conry noted that the volume of orders may be too much to handle given current infrastructure. Conry also remarked that a third-party customer had voiced concerns regarding the quality of the product the members of the conspiracy were currently distributing.

Plea Agreement - 6
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Ultimately, Conry noted that "[p]eople are so excited that we came back that if it wasn't as good as what it was . . . there'll be way more of a backlash."

   g. On August 25, 2021, Conry and co-defendant Stephens again met with UC1. During the meeting, Conry and Stephens generally discussed being security conscious and avoiding law enforcement detection. However, in response to a perceived communication vulnerability, Conry noted, "[i]t's only a vulnerability if the phone is being looked into for whatever reason." Conry then explained that using normal, non-encrypted communications, would probably be okay as well, remarking that "you wouldn't believe the amount of people who sell drugs over normal text messages, over their normal phone and Facebook Messenger, and nothing ever will happen to them."

   h. From January 2020 through July 2020 U.S. Customs and Border Protection seized at least five inbound packages, containing at least 15 kilograms of MDMA, destined for Certified Mail Receiving Agencies (CMRAs)[1] mailboxes controlled by co-defendant Stephens. Additionally, in or about late August or early September 2021, undercover agents in the United Kingdom seized 2.5 kilograms of ketamine that co-defendant Stephens intended to import into the United States.

  The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

  9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A two-level increase under USSG § 2D1.1(b)(7) because Defendant distributed drugs through mass marketing via an interactive computer service; and

---

[1] A CMRA is a private business that accepts mail from the Postal Service on behalf of its customer.

Plea Agreement - 7
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. A three-level decrease under USSG § 3E1.1(a) for acceptance of responsibility, as further described in Paragraph 10.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a term of imprisonment to be imposed by the Court at the time of sentencing that is no longer than a term of 12 months and 1 day. Defendant can recommend any lawful sentence. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Early Application of Proposed Sentencing Guidelines Amendments to USSG § 4C1.1 (Zero-Point Offender) and USSG § 4A1.1 (Status Points).** Defendant

Plea Agreement - 8
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

may seek to benefit now from published proposed Amendments to the Sentencing Guidelines that are favorable to defendants, but which are not scheduled to go into effect until November 2023. Specifically, Defendant may seek to be sentenced as a Zero-Point Offender, pursuant to published proposed Amendments to USSG § 4C1.1. Among other benefits, the Amendments would award a two-offense-level reduction for defendants who score zero criminal history points *and* meet all other criteria listed under USSG § 4C1.1(a)(1)-(10). In addition, Defendant may seek to take early advantage of proposed changes to how criminal history status points are assessed under USSG § 4A1.1(d). The Amendments would assess only one criminal history point (instead of two) for commission of the instant offense while under a criminal justice sentence, and otherwise narrow the eligibility for that point. The Sentencing Commission has indicated it may make these Amendments retroactively applicable. Considering these expected revisions, during the interim period between now and the effective date, so long as these Amendments remain pending enactment but are not yet effective, the parties agree as follows:

    a.    The parties have no agreement as to whether Defendant qualifies as a Zero-Point Offender or qualifies for criminal history status points. Both parties are free to litigate their position on these issues in connection with sentencing. If the Court is inclined to sentence Defendant consistently with these proposed Amendments, the Court first must calculate the total offense level, criminal history category, and applicable sentencing range under the current version of the Sentencing Guidelines.

    b.    After that, if the Court determines that Defendant meets all criteria to qualify as a Zero-Point Offender under the proposed Amendments to USSG § 4C1.1, the United States will not object to the Court granting a two-level downward variance from the otherwise-applicable total offense level and otherwise treating Defendant as a Zero-Point Offender consistent with the proposed Amendments to USSG § 4C1.1 and Application Notes.

Plea Agreement - 9
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. If the Court determines that Defendant is eligible to benefit from the revised criteria for calculation of status points under the proposed Amendments to USSG § 4A1.1(d), the United States will not object to the Court granting a variance from the otherwise-applicable criminal history category and treating Defendant as if they had fewer criminal history points, consistent with the proposed Amendments.

d. Defendant agrees that if the Court grants Defendant the benefit of early application of these proposed Amendments to USSG § 4C1.1 and/or § 4A1.1 at sentencing, then Defendant agrees that Defendant is not eligible for, and will not request, a post-conviction sentence reduction on the same basis, either on direct appeal or in any post-conviction motion, if and when the Amendments go into retroactive effect.

e. Defendant further acknowledges that if the Court explicitly finds that Defendant does not qualify for a sentencing benefit under these proposed Amendments to USSG § 4C1.1 and/or § 4A1.1, Defendant waives any right to appeal that denial on direct appeal or in a collateral attack or post-conviction motion pursuant to 28 U.S.C. § 2255, as further described in the paragraph of this Plea Agreement entitled "Waiver of Appellate Rights and Rights to Collateral Attack."

13. **Forfeiture of Assets**. Defendant understands that the forfeiture of assets is part of the sentence imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any property that facilitated, and/or constitutes proceeds of, his commission of the offense of Conspiracy to Distribute Controlled Substances. All such property is forfeitable pursuant to Title 21, United States Code, Section 853.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever

Plea Agreement - 10
United States v. Alexander Conry, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate, the offense of Conspiracy to Distribute Controlled Substances.

14. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, firearms, or ammunition that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United

Plea Agreement - 11
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

Plea Agreement - 12
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

Plea Agreement - 13
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 14th day of September, 2023.

_____
ALEXANDER CONRY
Defendant

_____
CHRIS BLACK
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
JOSEPH SILVIO
Assistant United States Attorney

Plea Agreement - 14
*United States v. Alexander Conry*, CR 21-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970